UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASIA THOMPSON,
Individually and on behalf of all
similarly situated individuals,                          Case No.

    Plaintiffs,                                                    Hon.

v.

MEDILODGE OF LIVINGSTON, LLC,

    Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., STE 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Asia Thompson, by and through her attorneys, HURWITZ LAW PLLC, hereby allege as follows:

### INTRODUCTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* for unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and other relief against Defendant MediLodge of Livingston, LLC (hereinafter referred to as "Defendant").

2. Defendant knowingly and deliberately made improper deductions from

Plaintiff's salary, while simultaneously expecting Plaintiff to perform work in excess of 40 hours per week without overtime compensation. By making such improper deductions, Defendant has vitiated its intent to pay Plaintiff a salary and has therefore lost the benefit of Plaintiff's exemption from 29 U.S.C. §§ 206 and 207.

## PARTIES AND JURISDICTION

3. Plaintiff is an individual residing in Howell, Livingston County, Michigan.

4. Defendant is a domestic limited liability corporation with its principal place of business in Howell, Livingston County, Michigan and a registered agent in Farmington Hills, Oakland County, Michigan.

5. The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction over claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under the claim under the Improved Workforce Opportunity Wage Act ("IWOWA") pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because it is the district in which a substantial part of the events giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

7. Defendant is a domestic limited liability corporation that operates a nursing home facility in Howell, Livingston County, Michigan.

8. Defendant hired Plaintiff on or about October 26, 2022, for the position of Social Services Worker.

9. Plaintiff was paid a salary of $49,920.00, equating to a wage of $24.00 per hour.

10. Plaintiff consistently works in excess of 40 hours per week, and is expected by her managers to be available to perform cognitive labor outside her regularly scheduled hours of work.

11. In or around November 2022, Defendant refused to provide Plaintiff with paid time off for Thanksgiving, reasoning that Plaintiff did not work the day prior to Thanksgiving and therefore did not deserve such payment.

12. This refusal came despite the fact that Defendant's employee handbook provides that employees will be given holiday pay if they work the day before or after the holiday, and the fact that Plaintiff worked the day after Thanksgiving.

13. In or around December 2022, Plaintiff was hospitalized. She informed her supervisor and Defendant's Human Resources department and furnished them with supporting medical documents.

14. Defendant nevertheless deducted the time Plaintiff spent in hospital from her salary.

15. To make up for the deduction from her salary, Plaintiff subsequently worked additional days.

16. Defendant did not pay Plaintiff for those additional days worked.

17. On or around December 25, 2022, Plaintiff performed work for Defendant but did not receive additional holiday pay, contrary to Defendant's remuneration policy.

18. Defendant employs a standard practice of providing unpaid lunch breaks for its employees.

19. Plaintiff works through her lunch breaks three to five days per week.

20. Plaintiff's managers encourage and expect her to work through her lunch breaks.

21. Defendant employs a standard practice of refusing to pay its employees for work performed unless they work at least 4 hours that day.

22. If Plaintiff does not perform work for at least 4 hours in a given day, Defendant refuses to pay her for any of the work she performed that day. If Plaintiff receives payment, an entire workday is deducted from her sick leave balance regardless of the amount of time she actually worked.

23. Defendant has engaged in a practice of making deductions from Plaintiff's salary that do not fall within the guidelines of 29 C.F.R. §541.602(b).

24. Defendant has therefore engaged in an actual practice of making improper deductions from Plaintiff's salary.

25. Defendant's improper deductions are made knowingly and willfully.

26. Defendant has not reimbursed Plaintiff for the improper deductions it has made to her salary.

27. Plaintiff is eligible for overtime pay pursuant to the FLSA.

28. 29 U.S.C. § 213(a)(1), operates to exclude, *inter alia*, any employee employed in a *bona fide* professional capacity from the requirement in 29 U.S.C. § 206 that an employee is entitled to be paid at least the minimum wage for any period in which she performs work for the employer.

29. Plaintiff is employed in a *bona fide* professional capacity in accordance with the meaning of that term prescribed by 29 C.F.R. 541.300.

30. Defendant's practice of making improper deductions from Plaintiff's salary engages the operation of 29 C.F.R. 541.603, causing Defendant to lose Plaintiff's exemption under 29 U.S.C. § 213(a)(1). *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843 (2012).

31. Effectively, Defendant is "stripped of the exemption because its actual practice of improperly deducting pay vitiates the intent to pay a salary" *Viviani v. Coffey & Associates, Inc.*, 2023 WL 3444696 (W.D. Oklahoma).

32. Plaintiff is therefore entitled to be paid for any period she works for Defendant in accordance with 29 U.S.C. § 209.

33. Plaintiff was unlawfully misclassified as "exempt" and deprived of proper overtime compensation for hours worked in excess of forty (40) per week.

34. Plaintiff was deprived of wages in exact amounts to be determined at trial.

35. With respect to the collective and class action claims under the FLSA, the collective action class is defined as "all current and former employees of Defendant who were classified as 'exempt' from overtime from three (3) years preceding the filing of this lawsuit through the culmination of this litigation but suffered improper wage deductions that invalidated the overtime exemption." Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA")

36. Plaintiffs incorporate the allegations in the foregoing paragraphs.

37. At all times material to this proceeding, Plaintiff was and is an "employee" within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.

38. At all times material to this proceeding, Defendant was and continues to be an "employer" within the meaning of 29 U.S.C. § 203.

39. Plaintiff was unlawfully misclassified as "exempt" under 29 U.S.C. § 213(a)(1).

40. Defendant violated 29 U.S.C. § 206 by failing to pay Plaintiff at least the minimum wage for all hours in which she performed work for Defendant.

41. Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiff at least one and one-half times the regular rate for which she was employed for hours she worked in excess of 40 hours per week.

42. Defendant's conduct in this regard was knowing and willful.

43. Defendant is a sophisticated party and employer, and therefore knew or should have known that their pay policies were in violation of the FLSA.

44. Defendant's decision and practice to deduct Plaintiff's pay and to refuse to pay her overtime pay was neither reasonable nor done in good faith.

45. Plaintiff has been and is being deprived of earned wages in amounts to be determined at trial. Plaintiff is entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a. An award of unpaid overtime wages under federal and state law;

b. An award of liquidated damages under federal and state law;

c. Prejudgment interest;

d. Attorneys' fees and costs under federal and state law; and

e. Such other relief as in law or equity may pertain.

                                                  Respectfully Submitted,
                                                  HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiffs
340 Beakes St., STE 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: July 31, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASIA THOMPSON,
Individually and on behalf of all
similarly situated individuals,             Case No.

    Plaintiffs,                              Hon.

v.

MEDILODGE OF LIVINGSTON.,

    Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., STE 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff Asia Thompson, by and through her attorneys, Hurwitz Law PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

                Respectfully Submitted,

                HURWITZ LAW PLLC

                */s/ Noah S. Hurwitz*
                Noah S. Hurwitz (P74063)
                Attorneys for Plaintiffs
                340 Beakes St., STE 125
                Ann Arbor, MI 48104
Dated: July 31, 2023      (844) 487-9489